UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-23846-CIV-BLOOM

CATHOLIC CHARITIES LEGAL SERVICES,
ARCHDIOCESE OF MIAMI, INC.,
    Plaintiff,

v.

ERIC STEIN, in his official capacity as
Director of Office of Information Programs
and Services of U.S. Department of State; and
U.S. DEPARTMENT OF STATE.
                                     /

## DEFENDANTS' ANSWER

Defendants, Eric Stein[1], in his official capacity as Director of Office of Information Programs and Services of U.S. Department of State, and U.S. Department of State, by and through undersigned counsel, respectfully submits this Answer to Plaintiff's Complaint for Injunctive, Declaratory, and Mandamus Relief, filed September 16, 2020 (ECF NO. 1).

## DEFENSES

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation.

---

[1] Agency officials are not proper parties to an action brought under FOIA. It is well established that "[i]ndividual federal employees are not subject to suit under FOIA." *Thomas v. Federal Aviation Admin.*, 2007 WL 219988, *3 (D.D.C.); *see also Whittle v. Moschella*, 756 F.Supp. 589, 596 (D.D.C.1991) ("The jurisdiction of this Court to enforce FOIA is limited to enjoining agency noncompliance, § 552(a)(4)(B), and consequently no FOIA claim may be asserted against individual federal officials.") (citing *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir.1987); *Sherwood Van Lines v. United States Dep't of Navy*, 732 F.Supp. 240, 241 (D.D.C.1990); *Canadian Javelin v. SEC*, 501 F.Supp. 898, 904 (D.D.C.1980)). "The only proper defendant in a FOIA case is a federal agency." *Thomas*, 2007 WL 219988, at *3 (citing *Jefferson v. Reno*, 123 F.Supp.2d 1, 3 (D.D.C.2000); *Whittle*, 756 F.Supp. at 596). Accordingly, this lawsuit should be dismissed as to Eric Stein.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff is not entitled to compel the disclosure of any record, or portion of any record, protected from disclosure by one or more of the exemptions of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (b).

## THIRD DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's request to the extent that the request exceeds the relief authorized by the FOIA.

## FOURTH DEFENSE

Plaintiff is neither eligible for, nor entitled to, attorney fees or costs.

## GENERAL DENIAL

Defendants deny all allegations set forth in the Complaint not otherwise admitted below. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in this answer; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.

## SPECIFIC DENIALS AND RESPONSES

For ease of reference, Defendants repeat the headings contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, the allegations are denied.

Defendants responds to the numbered paragraphs of the Complaint as follows:

## "JURISDICTION AND VENUE"

1. Defendants admit that Plaintiff purports to bring this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), *and* the Administrative Procedure Act, 5 U.S.C. §§ 701, et seq. ("APA"), but notes that because FOIA provides an adequate remedy for Plaintiff's claims, Plaintiff's APA claim is barred. *See* 5 U.S.C. § 704 (APA applies to claims for which there is "no other adequate remedy in a court").

2. Paragraph 2 sets forth Plaintiff's legal conclusions about the Court's jurisdiction. To the extent a response is required, Defendants deny the allegations.

3. Paragraph 3 sets forth Plaintiff's legal conclusions about the appropriateness of this venue. Defendants are without knowledge as to where Plaintiff resides. To the extent that a response is required, Defendants deny the allegations.

## "PARTIES"

4. Defendant is without knowledge of Plaintiff's operations, and therefore denies the allegations in paragraph 4.

5. Defendant is without knowledge of Plaintiff's incorporation, and therefore denies the allegations in paragraph 5.

6. Defendant is without knowledge of Plaintiff's place of business, and therefore denies the allegations in paragraph 4.

7. Defendant denies that it has violated FOIA or the APA, and denies the allegations in paragraph 7.

8. [Defendants admit that Defendant Eric Stein is the Director of the Office of Information Programs for the U.S. Department of State, but denies the remaining

allegations in paragraph 8. Further, Defendants submit that Eric Stein is improperly named as a Defendant in this action. *See* footnote 1. ]

9. Defendants admit that the U.S. Department of State is an agency for the purpose of FOIA. The remainder of this paragraph sets forth Plaintiff's legal conclusions to which no response is required..

## "STATUTORY FRAMEWORK"

10. Paragraph 10 sets forth Plaintiff's characterization of FOIA and its purpose. The statute speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegations.

11. Paragraph 11 sets forth Plaintiff's legal conclusions regarding FOIA's requirements. The statute speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegations.

12. Paragraph 12 sets forth Plaintiff's legal conclusions about an agency's burden under FOIA. The statute speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegation.

13. Paragraph 13 sets forth Plaintiff's legal conclusion about what an agency is permitted to do pursuant to FOIA. The statute speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegations.

14. Paragraph 14 sets forth Plaintiff's legal conclusion about what an agency is permitted to do pursuant to FOIA. The statute speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegations.

15. Paragraph 15 sets forth Plaintiff's legal conclusion about what an agency is permitted to do pursuant to FOIA. The statute speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegations.

16. Paragraph 16 sets forth Plaintiff's legal conclusion about limitations on what an agency is permitted to do pursuant to FOIA. The statute speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegations.

17. Paragraph 17 sets forth Plaintiff's legal conclusion about FOIA's requirements for a agency's search. The statute speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegation.

18. Paragraph 18 sets forth Plaintiff's legal conclusion about an agency's ability to assess a fee under FOIA. The statute speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegation.

19. Paragraph 19 sets forth Plaintiff's legal conclusion about FOIA's requirements. The statute speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegation.

20. Paragraph 20 sets forth a quote of a section of FOIA. The statute speaks for itself and no response is required. Defendants admit that the Court has the authority provided in the statute.

21. Paragraph 21 sets forth Plaintiff's legal conclusions about the APA, which are incorrect as a matter of law. The APA does not apply where another statute, like FOIA, provides an adequate remedy. Defendant denies the allegations.

22. Paragraph 22 sets forth Plaintiff's legal conclusion about a claimants need to exhaust administrative remedies prior to bringing an action under FOIA. The statute speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegation.

### "FACTUAL ALLEGATIONS"

23. Defendants admit that State Department received a FOIA request from Plaintiff dated June 25, 2018. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

24. Admit.

25. This paragraph consists of Plaintiff's characterization of its June 25, 2018 FOIA request. Defendants respectfully refer the Court to the request for a complete and accurate statement of its contents.

26. Defendants admit that the State Department sent a letter to Plaintiff on July 24, 2018 acknowledging Plaintiff's June 25, 2018 FOIA request.

27. Admit.

28. Defendants admit that as of the of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiff's June 25, 2018 FOIA request. Defendants aver that State Department records indicate that Plaintiff conferred telephonically with Department FOIA personnel regarding the status of Plaintiff's FOIA request. Defendants otherwise admit that there has been no further correspondence with Plaintiff regarding its June 25, 2018 FOIA request.

29. Defendants are without knowledge of the precise number of business days between the date Plaintiff submitted its FOIA request and the date upon which it filed its complaint in this action, and therefore denies the allegation in paragraph 29.

## "COUNT I"

### "Violation of FOIA: Failure to Comply with Statutory Deadlines"

30. Defendants repeat their responses to the allegations in paragraphs 1-29.

31. Paragraph 31 sets forth Plaintiff's legal conclusions. To the extent a response is required, Defendants deny that they have violated the provisions cited and, therefore, deny the allegations.

32. Paragraph 32 sets forth Plaintiff's legal conclusions regarding exhaustion. No response is required. To the extent a response is required, Defendants deny the allegation.

## "COUNT II"

### "Violation of the APA: Unreasonable Delay and Failure to Adjudicate"

33. Defendants repeat their responses to the allegations in paragraphs 1-29.

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny that Plaintiff is entitled to any relief under the APA.

## "COUNT III"

### "Petition for Writ of Mandamus"

36. Defendants deny that Plaintiff is entitled to mandamus relief to compel a response to its FOIA request because, inter alia, FOIA provides an adequate remedy for Plaintiff's claims.

**"PRAYER FOR RELIEF"**

The remainder of the Complaint sets forth Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief it seeks, or to any other relief.

>
> Respectfully submitted,
> ARIANA FAJARDO ORSHAN
> UNITED STATES ATTORNEY
>
> By:  /s/Carlos Raurell
> Assistant U.S. Attorney
> Florida Bar No. 529893
> Email: Carlos.Raurell@usdoj.gov
> 99 N.E. 4th Street, Suite 300
> Miami, Florida 33132
> Tel: 305-961-9243

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/Carlos Raurell
AUSA